**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel Angel GUTIERREZ–VICENTE,**
**Defendant–Appellant.**

**No. 10–2276.**

United States Court of Appeals,
Tenth Circuit.

May 12, 2011.

David N. Williams, Office of the United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Kenneth Del Valle, Law Office of Kenneth Del Valle, El Paso, TX, for Defendant–Appellant.

Before KELLY, LUCERO, and HARTZ, Circuit Judges.

### ORDER AND JUDGMENT[*]

PER CURIAM.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Miguel Angel Gutierrez–Vicente's plea agreement. The defendant pleaded guilty to one count of possessing with intent to distribute 50 kilograms and more of a substance containing marijuana and one count of reentry of a removed alien. Pursuant to the plea agreement, the defendant waived his right to appeal his conviction or his sentence, provided his sentence was within the statutory maximum authorized by law. The

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced the defendant to 46 months' imprisonment, well below the statutory maximum of 20 years' imprisonment. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir.2004) (en banc) (per curiam). In response, the defendant's counsel stated that there are no non-frivolous arguments that can be presented in response to the motion to enforce, citing *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court gave the defendant an opportunity to file a pro se response, *see id.*, but to date, the defendant has not filed a response to the motion to enforce.

Under *Anders*, we have reviewed the motion and the record and we conclude that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.